FILED - LN
January 26, 2026 11:29 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: pjw /_____  SCANNED BY: ___ / ___

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XINPENG ZHAO,
Plaintiff,
500 W. Lake Lansing Rd., Apt. D46
East Lansing, MI 48823

v.

MARCO RUBIO, Secretary of State, in his official capacity;
U.S. DEPARTMENT OF STATE;
KRISTI NOEM, Secretary of Homeland Security, in her official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, in his/her official capacity;
U.S. CITIZENSHIP AND IMMIGRATION SERVICES;
CHIEF, CONSULAR SECTION (a/k/a PRINCIPAL CONSULAR OFFICER), U.S. EMBASSY BEIJING, in his/her official capacity.

Defendants.

Case No.: 1:26-cv-268
Jane M. Beckering,
United States
District Judge

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1. Plaintiff Xinpeng Zhao, a tenure-track Assistant Professor at Michigan State University ("MSU"), brings this action to compel Defendants to adjudicate his H-1B visa application, which has been withheld in "administrative processing" for an unreasonable period.

2. Plaintiff is a highly cited scholar whose research in biomass-based building energy efficiency is funded by the National Science Foundation (NSF) and is vital to U.S. national interests in sustainable infrastructure.

3. As of January 22, 2026, Plaintiff's application has been pending for 223 days, far exceeding the 180-day benchmark communicated by the U.S. Embassy to the Office of U.S. Senator Gary C. Peters.

4. Defendants' inaction has disrupted Plaintiff's teaching duties at Michigan State University and a critical U.S. federal research project, jeopardized the academic progress of five U.S.-based students and researchers, and inflicted significant, ongoing financial loss upon Plaintiff.

**II. JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (APA), and 28 U.S.C. § 1361 (Mandamus).

6. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in East Lansing, Michigan, where he maintains a lease, pays taxes, and intends to return to his primary place of employment.

### III. PARTIES

7. Plaintiff Xinpeng Zhao is an Assistant Professor in the Department of Mechanical Engineering at Michigan State University ("MSU") and the Principal Investigator of a federally funded research laboratory.

8. Defendant Marco Rubio is the Secretary of State and is sued in his official capacity.

9. Defendant U.S. Department of State is the federal agency responsible for visa adjudication and issuance and is sued in its official capacity.

10. Defendant Kristi Noem is the Secretary of Homeland Security and is sued in her official capacity.

11. Defendant U.S. Department of Homeland Security is the federal agency responsible for relevant background and security vetting and is sued in its official capacity.

12. Defendant Director, U.S. Citizenship and Immigration Services, is sued in his/her official capacity.

13. Defendant U.S. Citizenship and Immigration Services ("USCIS") is the federal agency responsible for adjudicating H-1B petitions and related immigration determinations and is sued in its official capacity.

14. Defendant Chief, Consular Section (a/k/a Principal Consular Officer), U.S. Embassy Beijing, China, is sued in his/her official capacity and is responsible for the consular adjudication of Plaintiff's visa application.

### IV. STATEMENT OF FACTS

A. Plaintiff's Professional Standing

15. Plaintiff is a highly cited scholar in the field of thermal science and sustainable materials. His Google Scholar profile documents a record of high-impact publications with significant global citations. (Exhibit M).

16. Plaintiff's research involves biomass-derived materials for building energy efficiency. This is purely civilian "Fundamental Research" (NSDD 189) funded by the National Science Foundation (NSF Award #2533943). (Exhibit I).

17. Plaintiff is the primary mentor and supervisor for one postdoctoral fellow, two Ph.D. students, and two undergraduate researchers at MSU.

B. The Unreasonable Delay

18. Plaintiff is the beneficiary of an approved H-1B petition issued by USCIS (Exhibit A). Plaintiff is also the beneficiary of an approved I-140 Immigrant Petition for Alien Worker,

further confirming his established eligibility under U.S. immigration law (Exhibit H). After completing his DS-160 application (Exhibit B), Plaintiff appeared for his visa interview at the U.S. Embassy in Beijing on June 13, 2025 (Exhibit C).

19. On August 15, 2025, the Department of State issued a prudential revocation of Plaintiff's previous visa (issued in 2024) under INA § 221(i), requiring Plaintiff to establish eligibility through the new, pending application. Plaintiff has fully cooperated and provided all requested information. (Exhibit E).

20. On September 27, 2025, the U.S. Embassy informed the Office of Senator Gary C. Peters that most cases are completed within 180 days. (Exhibit G).

21. As of this filing, the Department of State's Consular Electronic Application Center (CEAC) lists the case status as "Refused," reflecting continued administrative processing. (Exhibit D). A total of 223 days have elapsed since the interview—43 days beyond the Embassy's stated benchmark—with no decision rendered. Plaintiff has made repeated written inquiries to the U.S. Embassy Beijing regarding the status of his application, without a substantive adjudication decision. (Exhibit F).

C. Documented Harm to Plaintiff and U.S. Interests

22. Professional Harm: Plaintiff has been unable to fulfill his teaching duties for ME416 and ME840 and has been excluded from university initiatives due to his absence. (Exhibits K, L).

23. Research Disruption: Plaintiff's laboratory has been disrupted. His Ph.D. students are unable to complete dissertation experiments, and his postdoctoral fellow's progress is impeded without Plaintiff's in-person mentorship.

24. Financial Harm: As shown in the rent ledger (Exhibit J), Plaintiff has paid over $1,250 per month for an unused residence in East Lansing, Michigan, resulting in thousands of dollars in expenses due to Defendants' inaction.

## V. CAUSES OF ACTION
### COUNT I: Violation of the Administrative Procedure Act (APA)
25. The APA, 5 U.S.C. § 555(b), requires agencies to conclude matters "within a reasonable time."
26. A 223-day delay in adjudicating an H-1B visa for a federally-funded professor whose research is public and civilian is unreasonable under the TRAC factors, particularly where it exceeds the agency's own communicated timelines.
### COUNT II: Mandamus Act
27. Defendants have a non-discretionary duty to adjudicate the visa application. Mandamus is the appropriate remedy to compel this performance.
## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter;
B. Issue a Writ of Mandamus compelling Defendants to adjudicate Plaintiff's H-1B visa application within fifteen (15) days of the Court's order;
C. Award Plaintiff his costs and expenses incurred in this action, including filing fees and service costs, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and
D. Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,
Date: January 22, 2026

_____
Xinpeng Zhao, Plaintiff Pro Se
500 W. Lake Lansing Rd., Apt. D46
East Lansing, MI 48823
Cell: 814-880-6672; Email: xpzhao@msu.edu